UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Chris Jones,<br><br>    Petitioner<br><br>    v.<br><br>State of Nevada, et al.,<br><br>    Respondents | Case No. 2:24-cv-01556-CDS-BNW<br><br>**Order Dismissing Petition Without Prejudice for Failure to Exhaust**<br><br>[ECF No. 1-1] |

Petitioner Chris Jones, a pro se Nevada prisoner, has submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1-1. This matter is before the Court following Jones's response to the order to show cause why the petition should not be dismissed as unexhausted. ECF No. 6. For the reasons discussed below, I dismiss Jones's petition without prejudice for failure to exhaust his claims in state court.

I.  Background

Jones challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Jones*, Case No. C-23-37362-1. On September 13, 2023, the state district court entered a judgment of conviction pursuant to a guilty plea for coercion. Jones did not file a direct appeal. In July 2024, Jones filed a state habeas postconviction petition for writ of habeas corpus that remains pending before the state district court. *See Jones v. State of Nevada*, Case No. A-24-898274-W. On August 23, 2024, Jones initiated this federal habeas case alleging claims of ineffective assistance of counsel. ECF No. 1-1.

II.  Discussion

The show cause order explained that Jone's claims are subject to dismissal because they are wholly unexhausted. The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts."

*Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, *id.* (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, although Jones filed a state habeas petition, such petition remains pending in the state district court. In his response, Jones asserts that he was misinformed by a jailhouse lawyer to file his § 2254 petition and that he did not want his petition to be time-barred. His claims, however, have not been appealed to the state appellate court and thus have not been raised through one complete round to the highest state court level of review available. Jones may file his petition in a new case following exhaustion of his claims in state court.

### III.     Conclusion

I THEREFORE ORDER that petitioner Chris Jones's petition for writ of habeas corpus **[ECF No. 1-1] is dismissed without prejudice**.

I further order that to the extent necessary, a certificate of appealability is denied because jurists of reason would not find debatable whether the court is correct in dismissing this action.

I further order that the Clerk of the Court is directed to enter judgment accordingly and close this case.

Dated: November 7, 2024

_____
Cristina D. Silva
United States District Judge